STATE OF NEBRASKA, APPELLANT, v. EDGAR L. NANCE, APPELLEE.

248 N. W. 2d 339

Filed December 22, 1976. No. 40682.

Donald L. Knowles and Daniel W. Ryberg, for appellant.

Frank B. Morrison and Joseph F. Bataillon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

The defendant was charged on three separate counts of robbery, and an habitual criminal count. He was convicted on the three robbery counts. The District Court thereafter sustained a motion to dismiss the habitual criminal charge. Leave has been granted by this court to docket error proceedings challenging that ruling under the provisions of section 29-2315.01, et seq., R. R. S. 1943.

The habitual criminal charge against the defendant here was based upon one prior conviction and commitment in the State of Louisiana, and one prior conviction and commitment in the State of Missouri. Section 29-2221, R. R. S. 1943, provides in relevant part: "Whoever has been twice convicted of crime, sentenced and committed to prison, in this or any other state, or by

the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than one year each, shall, upon conviction of a felony committed in this state, be deemed to be an habitual criminal, * * *."

Our habitual criminal law does not set out a separate and distinct crime but provides for enhanced penalties for later felony convictions because of the repetition of criminal conduct. See State v. Losieau, 182 Neb. 367, 154 N. W. 2d 762.

It is contended that a strict and literal interpretation of section 29-2221, R. R. S. 1943, excludes a case such as the one now before us, in which one prior conviction was in one state and the other prior conviction was in a different state, and neither of those convictions was in the State of Nebraska. The argument is that the statute requires that there be two prior convictions in the same state or two prior convictions in the federal system. It is then argued that where there is only one conviction in any one state and not more than one conviction by the United States, then at least one of the convictions relied upon must have been in Nebraska. It is obviously possible to interpret the statute in that fashion but such an interpretation would lead to absurd, unjust, and unconscionable results. Such a literal construction of the statute would mean, for example, that a defendant with two prior convictions in the State of Kansas could be charged as an habitual criminal in Nebraska, while a defendant with one conviction in Kansas and one in Missouri could not be. It would also mean that a defendant with one prior conviction in Nebraska and one prior conviction in Kansas could be charged as an habitual criminal in Nebraska, while a defendant with one prior conviction in Kansas, and one prior federal conviction could not be. Even a defendant with 10 prior convictions in 10 different states, but none in Nebraska, could not be charged as an habitual criminal in Nebraska. Such results would not only be un-

reasonable, they would also pose serious constitutional objections.

It is a fundamental rule of statutory construction that if possible a court will try to avoid a construction which leads to absurd, unjust, or unconscionable results. A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. State v. Saltzman, 194 Neb. 525, 233 N. W. 2d 914.

In a penal statute it is not necessary that it be so written as to be beyond the mere possibility of more than one construction. A statute should be construed in the context of the object sought to be accomplished, the evils and mischief sought to be remedied, and the purpose to be served. Although a penal statute is required to be strictly construed, it should be given a sensible construction. It must be given an interpretation which meets constitutional requirements if that can reasonably be done. See State v. Lewis, 184 Neb. 111, 165 N. W. 2d 569.

We believe that the Legislature intended to provide that any person who has been twice previously convicted of crime, sentenced, and committed to prison for terms of not less than 1 year each, is to be deemed an habitual criminal, without regard to the state or states in which the convictions occurred, and without regard to whether the convictions were for a state or federal offense. Any other interpretation distorts the meaning of the statute. This court has already held that the essential elements which an information must contain for a charge under the Habitual Criminal Act are that said person has been (1) twice previously convicted of crime, (2) sentenced, and (3) committed to prison for terms of not less than 1 year each. See State v. Harig, 192 Neb. 49, 218 N. W. 2d 884.

The dismissal of the habitual criminal charge herein was erroneous. The cause is remanded to the District

Court in accordance with the provisions of section 29-2316, R. R. S. 1943.

REMANDED.