NATHAN, Judge.
The appellant, C. W. Keith, Director, Division of Driver Licenses, Department of Highway Safety and Motor Vehicles, respondent in the circuit court, seeks review of the following order vacating revocation of the driver license of Hosea Capers, petitioner:
“. . . upon petitioner’s petition for Writ of Certiorari seeking review of respondent’s order of driver license revocation dated May 15,1977, effective June 4, 1977 ... it is,
ORDERED AND ADJUDGED that Florida Statute § 322.25(4), which provides as follows:
‘(4) For the purpose of this chapter, a forfeiture of bail or collateral deposited to secure a defendant’s appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.’
is not applicable to a forfeiture of bail or collateral which occurs outside of the State of Florida. Respondent is not authorized to utilize and may not consider an out of state bond estreature as a ‘conviction’ within the meaning of Florida Statute § 322.25(4), supra. Accordingly, respondent is ORDERED to remove all out of state bond estreatures from petitioner’s driving record which respondent has heretofore considered a ‘conviction’ within the meaning of Florida Statute § 322.25. Therefore, it is
ORDERED AND ADJUDGED that respondent’s order of driver license revocation dated May 15, 1977, is vacated with instructions that respondent return petitioner’s driver license to him.”
Petitioner’s driving record demonstrates that within a period of five years, petitioner accumulated fifteen convictions for moving traffic violations for which points are assessed under Section 322.27(2), Florida Statutes (1977). His record contains three convictions for unlawful speed in the state of South Carolina, dated December 5, 1974, July 2,1975 and January 10,1977, for which estreatures of bond were entered in South Carolina. The record on appeal reflects that the Division of Drivers’ Licenses included these three convictions and the points assessed therefor, in revoking petitioner’s driving privilege in Florida for a period of five years as an habitual traffic offender under Sections 322.27(5) and 322.-264(2), Florida Statutes (1977).
The effect of the order of the trial court herein appealed, is to remove from petitioner’s driving record, the three South Carolina convictions, leaving an insufficient number of pointable convictions to sustain the revocation of petitioner’s driving privilege in Florida as an habitual offender.
In our opinion, the trial court was correct in its interpretation of Section 322.-25(4), Florida Statutes (1977), to the extent that standing alone, it does not provide that forfeiture of an appearance bond in another state automatically would be equivalent to a conviction under Florida law. However, the pertinent provisions of the Florida driver license law, Chapter 322, Florida Statutes (1977), are in pari materia and must be construed as an entity. Thus, it was error for the trial court to rely on this single provision in ordering that all out of state bond estreatures which the Division of Driver Licenses had considered as convictions, be removed from petitioner’s driving record, without first determining whether a South Carolina bond estreature, if a conviction in South Carolina, would qualify as a conviction in Florida.
Section 322.263, Florida Statutes (1977), expresses the legislative intent of the driver license laws: to provide maximum safety for all persons who travel or otherwise use Florida’s public highways; to deny the driving privilege to persons who, by conduct and record, demonstrate indifference for the safety and welfare of others and disrespect for the laws of the state and orders of its courts and administrative agencies; and to deny the driving privilege to habitual offenders who have been convicted repeatedly of violations of traffic laws.
*132 Section 322.24, Florida Statutes (1977), provides that the department is authorized to suspend or revoke the license of any Florida resident, upon receipt of notice of the conviction of that person in another state of an offense therein which, if committed in Florida would be grounds for the suspension or revocation of his license.
Section 322.264, Florida Statutes (1977), defines habitual traffic offender, in pertinent part, as a person whose driving record contains, within a five year period, fifteen convictions for moving traffic offenses for which points may be assessed. It includes as offenses for which such assessment of points may be made, offenses under any law of another state substantially conforming to these statutory provisions.
Section 322.27(5), Florida Statutes (1977), mandates that the department “shall revoke the license of any person designated a habitual offender” under Section 322.264, supra.
In making a determination of whether a bond estreature in South Carolina can result in a valid conviction in Florida, for purposes of Florida’s driver license laws and its system of recording traffic offense convictions and assessing points, it is necessary to examine the laws of South Carolina. Section 56-1-10(11), Code of Laws of South Carolina (Annot.), 1976, Vol. 18 (1977), general provisions of the drivers’ license chapter of the motor vehicle laws, provides that,
“ ‘Conviction :’ Shall include the entry of any plea of guilty, the entry of any plea of nolo contendere and the forfeiture of any bail or collateral deposited to secure a defendant’s appearance in court.”
Therefore, since South Carolina law includes forfeiture of an appearance bond as a conviction; and since under Florida law, assessment of points may be made for offenses in another state substantially conforming to Florida statutory provisions, the South Carolina convictions resulting from bond estreatures are pointable offenses in Florida, and may be considered in determining that petitioner is an habitual traffic offender.
Reversed.