John Wayne **SCHMOLDT**, Appellee,

v.

Allen E. **STOKES**, Director, Department of Transportation, Appellant.

No. 61719.

Supreme Court of Iowa.

Feb. 21, 1979.

Richard C. Turner, Atty. Gen. and Stuart D. Miller, Asst. Atty. Gen., for appellant.

Robert C. Nelson, of Ruffin, Nelson, Fassler, Mitchell & Kimm, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS and ALLBEE, JJ.

UHLENHOPP, Justice.

This appeal involves the suspension of the driver's license of John Wayne Schmoldt for refusal to submit to a chemical test for intoxication.

On March 26, 1977, Cedar Rapids police officers Noonan and Serbousek arrested Schmoldt for driving while intoxicated. Cedar Rapids participates in the Alcohol Safety Action Program (ASAP), which involves special training of certain peace officers. Officer Kraft, a Cedar Rapids policeman, was a member of the ASAP Unit. As a part of that program, officers who arrest a person for driving while intoxicated call in an ASAP officer to process the charge.

Officers Noonan and Serbousek accordingly called in Officer Kraft. From the circumstances given him, Officer Kraft had reasonable grounds to believe that Schmoldt was driving while intoxicated. He therefore arrested Schmoldt and requested a sample of Schmoldt's breath. Schmoldt refused. The Department of Transportation thereafter suspended Schmoldt's driver's license under the implied consent law, chapter 321B, Code 1977.

Schmoldt appealed the suspension to district court, which reversed the suspension order. The court held that only the original arresting officers could lawfully request Schmoldt to take the test. The director of the department appealed to this court.

The only question on appeal is whether the original arresting officer or officers must request a test or whether a subsequent otherwise-qualified officer may also do so after arresting the individual. Section 321B.3 of the Code provides so far as pertinent:

> The withdrawal of such body substances, and the test or tests thereof, shall be administered at the written request of *a peace officer* having reasonable grounds to believe the person to have been operating a motor vehicle upon a public highway of this state while under the influence of an alcoholic beverage, and only after *the peace officer* has placed such person under arrest for the offense of operating a motor vehicle while under the influence of an alcoholic beverage. (Italics added.)

Essentially Schmoldt makes a three-step contention: when an original apprehending officer arrests an accused for the offense, the State's arresting power is fully spent and a subsequent attempted re-arrest is an empty formality; therefore the second officer cannot validly arrest the driver; hence the second officer cannot lawfully demand a test.

Normally the driver contends the suspension is invalid because the police left a required step undone. Here the driver contends he got too much police attention. We think his argument that a second, otherwise-qualified officer cannot arrest and demand a test constitutes a very narrow reading of the statute. With regard to the implied consent law, this court stated in *Krueger v. Fulton,* 169 N.W.2d 875, 877, 878 (Iowa):

> In interpreting a statute we look to the object to be accomplished, the evils sought to be remedied, or the purpose to be subserved and place on it a reasonable or liberal construction which will best serve its purpose rather than one which will defeat it. . . . A statute should be given a sensible, practical, workable and logical construction and if fairly possible a construction resulting in unreasonableness as well as absurd consequences will be avoided. . . . It is obvious the purpose of the Implied Consent Law is to reduce the holocaust on our highways part of which is due to the driver who inbibes too freely of intoxicating liquor.

Section 321B.3 of the statute does not state that the original officer must make the demand. It states that *a peace officer* may do so, after placing the person under arrest. Officer Kraft is a peace officer. We need not now decide whether the second officer may, in demanding a test, rely on the arrest by the original officer; Officer Kraft himself *in fact* arrested Schmoldt.

Chapter 321B defines "peace officers" as highway patrolmen, civil service policemen, sheriffs, and regular deputy sheriffs with formal police training. Schmoldt's theory would limit the availability of legal demands. If a non-civil service policeman made the original arrest, a deputy sheriff with formal police training could not arrest the driver and therefore could not validly demand a test. Yet we held just the contrary in *Severson v. Sueppel,* 260 Iowa 1169, 1175, 152 N.W.2d 281, 285 ("We conclude plaintiff was arrested by [Deputy Sheriff] Lee and advised of the cause thereof *as required by section 321B.3.*"—italics added).

The trial court should have affirmed the department's order. We return the case to the department for reinstatement of the suspension.

REVERSED AND REMANDED.