REQUESTED BY: Dear Senator Fowler:
You have asked whether the litter fee imposed by section81-1559, R.S.Supp., 1979, applies to farmers and ranchers, as producers of food for human consumption. You ask the question as a member of the Administrative Rules and Regulations Review Committee, to aid you in determining whether proposed rules of the Department of Revenue dealing with this subject comply with the statutes.
We have concluded that farmers and ranchers producing food for human consumption are not, as such, subject to the litter tax, although the literal language of the statute could arguably apply it to them.
Section 81-1542 provides:
 "Manufacturer shall mean any person engaged in a business activity, in the state, of selling tangible personal property which the person has made, produced, manufactured, processed, or fabricated. The selling of meals, food products, or drinks at retail to a consumer on his or her order and for his or her immediate consumption shall not classify the seller as a manufacturer by reason of such activity."
Section 81-1559 imposes an annual litter fee equal to $150.00 per one million dollars of gross proceeds of products manufactured and sales of which are consummated within this state, in the case of manufacturers. Section 81-1560
includes food for human or pet consumption in the products the production and sale of which are subject to the litter fee. Certainly a farmer or a rancher `produces' food for human consumption, and would appear, at first glance, to be defined as a manufacturer by section 81-1542.
Two considerations have led us to conclude that this literal construction does not reflect legislative intent. First is the fact that the word `manufacturer' is so inappropriate as applied to a farmer or rancher. True, the Legislature can give any meaning it wishes to a word, but when a proposed meaning is completely foreign to the ordinary one, we would require the statutory definition to be very clear in conveying that meaning. We do not think it is that clear in this case, but believe we have a case of somewhat careless statutory wording which accidently included in its literal language classes not really intended to be included.
Second, we are disposed not to include farmers and ranchers as manufacturers because to do so would be so wasteful and unproductive. We have no statistics about the median gross sales of farmers and ranchers in this state, but we point out that the sale of one hundred thousand dollars worth of products would result in a litter fee of only $15.00. Even aside from the expense and trouble it would take on the part of individual farmers to make the necessary returns, we are confident that it would cost more for the Department of Revenue to handle such returns than the amount of litter fee collected.
Our basic purpose in statutory construction is to determine the intention of the Legislature. We will not lightly ascribe to the Legislature an intent to require the payment of a fee from thousands of taxpayers, when the cost of collection would exceed the amount collected.
In State v. Nance, 197 Neb. 257, 248 N.W.2d 339
(1976), the court said:
 "It is a fundamental rule of statutory construction that if possible a court will try to avoid a construction which leads to absurd, unjust, or unconscionable results. A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. . . ."
The purpose of the provision for a litter fee is to raise money. When we combine (1) the inappropriateness of the use of the words `manufacturer' and `manufactured' as applied to farmers and ranchers and the products they produce with (2) the counterproductive effect of collecting the fee from farmers and ranchers, we are forced to conclude that the Legislature did not so intend, but, instead, simply used overly-broad language in expressing its intent.
This opinion is not to be construed to exclude from the reach of the litter fee all enterprises whose operations are so small as to make collection from them uneconomical. The statute provides no minimum volume of business to subject the manufacturer or wholesaler to the fee. This opinion is limited strictly to the question of the liability of farmers and ranchers for the litter fee.