**STATE of Iowa, Appellant,**

v.

**Richard Lee PETERSON, Appellee.**

**No. 83–880.**

Supreme Court of Iowa.

April 11, 1984.

Thomas J. McSweeney, Asst. County Atty., for appellant.

Matthew F. Berry, Clear Lake, for appellee.

WOLLE, Justice.

The State's appeal in this case presents two issues of statutory construction involving Iowa Code section 321.555 (1983) which defines "habitual offender" and can lead to a judgment of the district court revoking the driving privileges of persons who habitually violate motor vehicle laws. The State commenced this civil action to have defendant's operator's license revoked because within a period of six years he had accumulated five convictions for driving while intoxicated. The trial court, on proper notice to defendant, held the show cause hearing provided in section 321.558. At the hearing the State introduced in evidence, without objection from defendant, a certified copy of his record of convictions. Defendant had been convicted five times of operating a motor vehicle while under the influence of alcohol or drugs: in Missouri on June 11, 1976, April 21, 1977 and May 11, 1977; in Minnesota on May 19, 1982; and in Iowa on October 11, 1982. On that essentially undisputed record, however, the trial court dismissed the State's petition on two grounds: (1) out-of-state convictions for driving while intoxicated could not be counted in determining whether defendant was a habitual offender, and (2) the action was untimely. Disagreeing with the trial court on both grounds, we reverse and remand with directions that the district court revoke defendant's license to operate a motor vehicle.

Iowa Code section 321.555 (1983) defines "habitual offender" in part as follows:

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses described in subsections 1, 2, or 3, committed after July 1, 1974, for which final convictions have been rendered, as follows:

1. Three or more of the following offenses, either singularly or in combination, within a six-year period:

 *a.* Manslaughter resulting from the operation of a motor vehicle.

 *b.* *Operating a motor vehicle in violation of section 321.281.*

 *c.* Driving a motor vehicle while operator's or chauffeur's license is suspended or revoked.

 *d.* Perjury or the making of a false affidavit or statement under oath to the department of public safety.

 *e.* An offense punishable as a felony under the motor vehicle laws of Iowa or any felony in the commission of which a motor vehicle is used.

 *f.* Failure to stop and leave information or to render aid as required by section 321.263.

(Emphasis added.) When the district court finds at the conclusion of a show cause hearing that a person is a habitual offender, the court is required to enter an appropriate judgment revoking the person's operator's license for a period of not less than two nor more than six years. Iowa Code §§ 321.558–.560 (1983).

We first address the trial court's determination that the out-of-state convictions could not be counted in determining whether defendant was a habitual offender, then

its alternate holding that the action was not timely.

I. *May Out-of-State Convictions be Counted?*

 The trial court dismissed the action, along with the State's several arguments concerning legislative intent, by quoting a portion of the statute and then stating:

It is quite apparent that although the respondent has been convicted of OM-VUI on three different occasions in Missouri and on one occasion in Minnesota, he has not been convicted of a violation of 321.281 in those other states.

The trial court did not specifically address the State's several arguments based on the wording of the statute and principles for ascertaining legislative intent. Perhaps the trial court was influenced in part by the State's apt concession, with reference to Iowa Code chapters 321 through 321C, that "Iowa's law of the road is not a model of organization or clarity." Nevertheless, our task is to apply appropriate principles of statutory construction in deciding what the words of the statute mean, ever mindful of "the polestar of all statutory construction—the search for the true intention of the legislature." *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d 437, 439 (Iowa 1974). When we consider not only the wording of Iowa's several habitual traffic offender statutes but also the important purposes which they were designed to accomplish, we conclude that the trial court should have given defendant's out-of-state convictions the same effect as convictions in Iowa courts.

A. *Wording of Section 321.555.* Defendant argues, and the trial court decided, that only Iowa convictions for driving while intoxicated are referred to in section 321.-555(1)(b), because that subsection refers specifically to a particular Iowa criminal offense—"Operating a motor vehicle in violation of section 321.281." One of the elements of that criminal offense is the operation of a motor vehicle "upon the public highways of this state." Iowa Code § 321.-281(1) (1983).

We note, however, that the first paragraph of section 321.555 which defines "habitual offender" includes the more general word "described"—"separate and distinct offenses *described* in subsections 1, 2 or 3." (Emphasis added.) A conviction for driving while intoxicated in another state may arguably be a conviction for an offense "described" in section 321.281 if both Iowa and the other state require proof of essentially the same elements to support a conviction for that offense.

The State makes another telling argument about the meaning of subsection 321.-555(1)(b) based on a recent change in its wording and the reason for that change. Prior to July 1, 1982, that subsection did not refer specifically to section 321.281 which defines the Iowa crime of driving while intoxicated; rather, it read:

b. Driving a motor vehicle while under the influence of an alcoholic beverage or a controlled substance as defined in section 204.101 [the section which identified certain controlled substances].

Iowa Code section 321.555(1)(b) (1981). In that form its wording was similar to subsections *a, c, d,* and *e* of section 321.555(1) which described traffic-related offenses without referring to their specific Iowa Code section numbers. Out-of-state convictions could readily be included within that earlier version of subsection *b* which more generally described the offense of driving while intoxicated. Moreover, the specific reference in subsection *b* to section 321.281 was added during the same session in which the legislature included in section 321.281 a new offense—driving with a blood alcohol level of .13 or greater. *See* 1981 Iowa Acts ch. 103, § 6, 1982 Iowa Acts ch. 1167 § 10. The State persuasively argues that the purpose of that change in the language of section 321.555(1)(b) was not to narrow the definition of offenses which could be used in revoking a license but rather to expand the definition to include the newly-added offense described in

section 321.281—driving with a blood-alcohol content of .13 or greater.

The defendant and the State have also each contended that the other parties' interpretation is unreasonable because if the legislature had so intended it could and would have used other plainer language. Defendant contends that if the legislature had intended the statute to include out-of-state convictions, the statute would have expressly so provided, because other statutes in chapter 321 do so in express terms. *See, e.g.,* Iowa Code §§ 321.205, .210(6) (1983). The State counters that the statute has no language expressly excluding out-of-state convictions, as it might have if the legislature had intended to exclude them. On balance we find little persuasive force in the parties' arguments concerning what the legislature might have said but did not. In construing statutes we search for the legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13).

B. *Legislative Purpose.* In construing this statute we should look to the object which the legislature sought to accomplish and the evils and mischiefs sought to be remedied in order to reach a result which will best effectuate its purpose. *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d at 440; *see* Iowa Code §§ 4.2, 4.6(1), (5) (1983).

The purpose of our habitual traffic offender statute is as clear-cut as it is important to the public welfare. As we said in *State v. Thomas,* 275 N.W.2d 422, 423 (Iowa 1979), this statute "is designed to protect the public from those drivers who refuse to observe the rules of prudence and safety." The State's interpretation fulfills that important purpose. The public deserves to be protected from all persons who have habitually violated motor vehicle laws, whether the offenses were committed on Iowa streets and highways or those of other states.

In considering this statute we should avoid strained, impractical, or absurd results. *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d at 440; *see also* Iowa Code § 4.4(3) (1983) (We are to presume "a just and reasonable result is intended."). Defendant's interpretation would lead to an unreasonable result. The person who had twice been recently convicted in Iowa of driving while intoxicated or other offenses listed in section 321.555(1) would be at risk of losing operating privileges with one more conviction; yet the person with an identical record of traffic offenses in other states would not similarly be at risk. We think it unlikely that the legislature intended to treat more harshly persons who have been convicted of violating only Iowa traffic laws than persons who have violated similar laws of other states. *Cf. State v. Nance,* 197 Neb. 257, 258–61, 248 N.W.2d 339, 340–41 (1976) (construing habitual criminal statute to include out-of-state convictions notwithstanding contrary technical wording of statute). Our legislature certainly intended to safeguard persons on our roadways from all persons who have habitually violated motor vehicle laws in any and all states.

C. *Related Statutory Provisions.* During our search for legislative intent we have examined other Iowa statutes relating to motor vehicle license revocation and suspension proceedings. Statutes relating to the same subject matter, or to closely allied subjects, may properly be construed, considered and examined in the light of their common purposes and intent. *Bankers Trust Co. v. Woltz,* 326 N.W.2d 274, 278 (Iowa 1982); *Wonder Life Co. v. Liddy,* 207 N.W.2d 27, 32 (Iowa 1973).

Iowa Code sections 321.201–.215 shed considerable light on what our legislature intended in enacting the statute here in question. Those statutes, under the heading "Cancellation, Suspension or Revocation of Licenses," authorize the Department of Transportation to remove operators' licenses for a variety of reasons without first commencing an action

in court. For example, when the department has received a record of a person's convictions for certain listed serious traffic offenses, the department is required by Iowa Code section 321.209 to revoke the license of that operator. Similarly, when the department's records show that a person's driving record is deficient in respects listed in section 321.210, the department may suspend the person's license in accordance with rules promulgated by the department. As with section 321.555, convictions of various traffic offenses are often pivotal in deciding whether the department should remove an operator's license. In these administrative proceedings, it makes no difference whether the offenses were committed in Iowa or other states. Iowa Code section 321.205 states:

> Conviction in another state. The department is authorized to suspend or revoke the license of any resident of this state upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of an operator or chauffeur.

Similarly, one of the grounds for suspension of a license under section 321.210 is a showing that the licensee "[h]as committed an offense in another state which if committed in this state would be grounds for suspension or revocation." Iowa Code § 321.210(6) (1983). The administrative proceedings authorized under sections 321.201–.215 serve much the same purpose as proceedings commenced in court under sections 321.555–.560. Both are designed to remove irresponsible drivers from our highways. Central to both types of proceedings is the abstract of the operator's driving record, including the record of convictions maintained by the Iowa Department of Transportation. Iowa Code chapter 321C authorizes Iowa to enter into interstate drivers license compacts with other states. Our legislature has therein provided that when convictions for such offenses as driving while intoxicated are reported from other states, Iowa is to give the same effect to the conduct reported as it would give if such conduct occurred in Iowa. *See* Iowa Code § 321C.1 (Article IV—Effect of Conviction). Pursuant to chapter 321C the licensing departments in Iowa and other states report to each other all convictions for traffic-related offenses occurring within their respective jurisdictions. *See* Iowa Code § 321C.1 (Article III—Reports of Convictions). The Department of Transportation initiates administrative license-removal proceedings itself, based on reported records of convictions from Iowa and other states. Similarly, the Iowa Director of Transportation initiates civil actions which the county attorney then files under Iowa Code section 321.555; he "shall certify three abstracts of the conviction record as maintained in the Department of Transportation of any person who appears to be a habitual offender, to the county attorney of the county in which such person resides ...." Iowa Code § 321.556 (1983).

Fundamentally, then, the commencement of administrative proceedings under sections 321.201–.215 as well as the filing of actions in court under sections 321.555–.560 are based on a certified record of each offender's convictions which, under chapter 321C, lists not only Iowa convictions but also convictions reported from courts in other states. Just such a certified record of defendant's multi-state convictions, maintained by the Iowa Department of Transportation, was introduced in evidence by the state in this case.

We can discern no sound reason whatsoever for the legislature to intend that the Iowa Department of Transportation be allowed to use out-of-state convictions against convicted drivers in administrative proceedings but not in the proceedings filed under section 321.555. Read together, the statutory provisions governing suspension and revocation of the driving privileges of habitually irresponsible motor vehicle operators demonstrate our legislature's intention to treat in-state and out-of-state convictions as equivalents. *Cf. Keith v. Capers*, 362 So.2d 130, 131–32 (Fla.Dist.Ct.App.1978) (all provisions of Florida driver license law, read together, demonstrate in-

tent to count substantially similar out-of-state convictions in habitual traffic offender case). The trial court erred in dismissing this action on the ground that out-of-state convictions could not be used to establish that defendant was a habitual traffic offender.

II. *Timeliness of the State's Action.*

The State commenced this action less than eight months after the most recent of defendant's five convictions for driving while intoxicated. In deciding that the action had not been timely the trial court noted that "all of the Missouri convictions occurred more than six years prior to the filing of the petition in this matter." It is not clear whether the court considered section 321.555 to be a statute of limitations which barred the action or instead dismissed the action by applying the equitable doctrine of laches. We therefore address both theories.

■ A. *Limitations.* Nothing within Iowa Code sections 321.555–.560 expressly limits the time within which the action may be commenced. We conclude that there is no language in those provisions which can properly be construed as a statute of limitations. The period of six years measures only the period within which three or more final convictions must have been rendered, not the period during which the civil action must have been brought.

■ It is true that when the State considers charging a defendant with second or third offense driving while intoxicated it cannot use convictions that occurred more than six years before the immediate violation charged. Iowa Code § 321.281(2) (1983). That limitation, however, affects only the criminal offense charged and neither expressly nor impliedly affects habitual traffic offender civil actions.

■ The State's action was not barred by any special statute of limitations within Iowa Code chapter 321.

■ B. *Laches.* For an action to be barred by laches the party asserting that affirmative defense has the burden to establish its essential elements by clear,

convincing and satisfactory evidence. *Rowen v. LeMars Mutual Insurance Co.*, 282 N.W.2d 639, 647 (Iowa 1979). Laches is an equitable doctrine which relates to delay in the assertion or prosecution of a claim, working to the disadvantage or prejudice of another. *Davenport Osteopathic Hospital Ass'n v. Hospital Service, Inc.*, 261 Iowa 247, 261, 154 N.W.2d 153, 162 (Iowa 1967). The doctrine is applied only where it would be inequitable to allow a person making a belated claim to prevail. *See Moser v. Thorp Sales Corp.*, 256 N.W.2d 900, 908 (Iowa 1977). Each case is governed chiefly by its own circumstances. *Lovlie v. Plumb*, 250 N.W.2d 56, 63 (Iowa 1977).

■ Defendant did not prove that he was prejudiced by delay; neither did he demonstrate inequitable circumstances involved in the State's commencement of this action. Indeed, defendant offered no evidence at all during the show cause hearing. Defendant argues that the State should not be allowed to time its filing of license revocation actions to effect consecutive periods of revocation for a single offense. Nothing in this record, however, indicates that the State intended to deprive defendant of his driving privileges for more than the period of up to six years authorized by section 321.560.

The trial court erred in dismissing the State's action to revoke defendant's drivers license. The evidence conclusively established that the State was entitled to prevail. We therefore reverse and remand the case to the district court with directions that it make appropriate findings and enter an appropriate order, pursuant to Iowa Code section 321.559, directing that defendant not operate a motor vehicle on Iowa highways for a period of not less than two years nor more than six years from the date of its judgment.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except CARTER, UHLENHOPP, McCORMICK and McGIVERIN, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent.

In the present case, the State claims that certain convictions which the defendant received in the states of Missouri and Minnesota may be considered in determining whether he is an habitual offender under the motor vehicle laws of Iowa. The offenses in question were for operating a motor vehicle under the influence of alcohol or drugs.

In determining whether defendant is an "habitual offender," we must accept the elements which the legislature has established. To attain that discreditable status, the statutes require the accumulation of a prescribed number of convictions within a six-year period of those offenses listed in section 321.555(1). The sole issue in the present case is whether convictions in another state for operating a motor vehicle under the influence of alcohol may be included under item *b* of that section. The district court held they may not; the majority of this court holds they may.

The conviction described in item *b* is as follows:

Operating a motor vehicle in violation of section 321.281.

Because this obviously has reference to section 321.281 of the motor vehicle laws of this state, I agree with the district court and disagree with the majority opinion.

Even if the elements of the offenses for which defendant was convicted in Missouri and Minnesota were the same as the elements of section 321.281, which is in no way confirmed in the present record, those convictions were not based on violations of section 321.281. They were based upon the violation of statutes of the state in which defendant was charged and convicted for those offenses.

The issue is not whether the legislature could have provided that under-the-influence convictions in other states be considered in determining habitual offender status in Iowa, but whether we should expand the statute where the legislature included only those convictions obtained under the statutes of this state. The language involved in the present case is susceptible of but one meaning. We should accept a proffered interpretation of a statute contrary to its plain meaning only where the contrary meaning is inescapable. Otherwise we should adhere to our expressed preference for interpreting statutes in light of "what the legislature said, rather than what it should or might have said." Iowa R.App.P. 14(f)(13).

Contrary to the view expressed in the majority opinion, I do not find that the broadened interpretation which it adopts is aided in any way by section 321.210. That statute does not relate to determination of habitual offender status, a determination made in judicial proceedings. Section 321.-210 pertains to use of out-of-state convictions for purposes of administrative proceedings before the Department of Transportation. For purposes of the present case, section 321.210 is significant, if at all, as an indication that the legislature was aware that specific directions should be given if out-of-state convictions were to be employed in imposing sanctions under the laws of this state. In the face of such awareness, the legislature worded item *b* so as to explicitly require conviction for violation of an Iowa statute. I believe that the trial court's interpretation of the statute was correct and would affirm its decision.

UHLENHOPP, McCORMICK, and McGIVERIN, JJ., join this dissent.