Donald Lynn DEAN,
Petitioner-Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Respondent-Appellant.

No. 87–82.

Court of Appeals of Iowa.

Sept. 30, 1987.

Thomas J. Miller, Atty. Gen. and Merrell M. Peters, Asst. Atty. Gen., for respondent-appellant.

Jon H. Johnson of Leonard, Johnson & Graeser, Sidney, for petitioner-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

The Iowa Department of Transportation (D.O.T.) appeals the district court's reversal of the D.O.T.'s revocation of appellee's driver's license. We reverse.

The D.O.T. contends the district court erred in ruling that appellee's Missouri speeding convictions could not be considered for purposes of determining whether appellee was an "habitual violator of the traffic laws" under section 321.210(3) of the Iowa Code (1985).

■ On January 18, 1985, the D.O.T. revoked appellee Donald Lynn Dean's driver's license for being an habitual violator pursuant to section 321.210(3) of the Iowa Code (1985). Under the authority of section 321.210, the D.O.T. defined "habitual violator" as one who has received three or more moving traffic violations in a twelve-month period. 820 Iowa Admin.Code [07, C] 13.13(3). The D.O.T. based its decision on the following convictions:

(1) An August 8, 1983 conviction under Iowa Code section 321.286 for driving 73 m.p.h. in a 55 m.p.h. zone on July 19, 1983.

(2) A May 4, 1984 conviction under Missouri Code section 304.009 for driving 68 m.p.h. in a 55 m.p.h. zone on April 7, 1984.

(3) A June 22, 1984 conviction under Missouri Code section 304.010 for driving 65 m.p.h. in a 55 m.p.h. zone on April 25, 1984.

(4) A July 6, 1984 conviction under Missouri Code section 304.009 for driving 67 m.p.h. in a 55 m.p.h. zone on June 23, 1984.

Following a contested case hearing on May 23, 1985, a hearing officer upheld the revocation. The hearing officer's decision was affirmed on administrative appeal on July 25, 1986. On August 11, 1986, Dean filed a petition for judicial review with the district court. In an order filed on January 3, 1987, the district court reversed the D.O.T.'s decision. This appeal followed. Judicial review of an administrative agency's action is governed by Iowa Code chapter 17A, the administrative procedure act. This court's function on appeal, like that of the district court, is to correct any errors of law on the part of the D.O.T. *See Richards v. Iowa Department of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985).

■ The issue we must address is whether the D.O.T. correctly considered the two Missouri convictions under Missouri Code section 304.009 in determining that Dean had three or more moving violations in a twelve-month period. We conclude that the D.O.T. properly considered the Missouri convictions. Although we are not bound by the D.O.T.'s interpretation and application of its "habitual violator" rule, "we give deference to an administrative agency's interpretation of its own rules." *Frank v. Iowa Department of Transportation*, 386 N.W.2d 86, 88 (Iowa 1986). The purpose of revoking a driver's license for too many moving violations is to protect the public against drivers who ignore traffic laws. *See Crow v. Shaeffer*, 199 N.W.2d 45, 47 (Iowa 1972). In its brief, the D.O.T. states that it interpreted its rule regarding license revocation for habitual violators as allowing it to consider all of a person's violations. The rationale for this is that drivers who disregard traffic laws in other states presumably will also do so in Iowa and therefore, pose a danger to public safety. We agree. The Iowa Supreme Court has held that in-state and out-of-state convictions for violations of similar statutes are to be treated as equivalents. *See State v. Peterson*, 347 N.W.2d 398, 401–04 (Iowa 1984) (comparing in-state and out-of-state statutes in context of driving while intoxicated). In *Peterson*, the court stated that statutes will be accorded such treatment if both statutes have similar elements. *Id.* at 401. In the present case, the trial court held that Mis-

souri Code section 304.009 was not comparable to any Iowa statute and therefore, the Missouri convictions under section 304.-009 could not be considered in revoking Dean's license. Missouri Code section 304.-009 states:

1. The uniform maximum speed limit upon the roads and highways of this state shall be fifty-five miles per hour.

2. The provisions of this section shall not be construed so as to alter any speed limit set below fifty-five miles per hour by state statute, or ordinance of any political subdivision of the state. Violations of the speed limit set by this section shall not accumulate points until and unless such speed exceeds those maximums set by other state statutes, or by ordinance of any political subdivision of the state. The provisions of this section shall in no way be construed to repeal such maximum speed limits set by other state statutes, or ordinances of any political subdivision of this state.

Mo.Ann.Stat. § 304.009 (Vernon Supp. 1987). After comparing Missouri Code section 304.009 with Iowa Code section 321.-286, we conclude that they are sufficiently similar to allow the D.O.T. to consider the Missouri convictions. Both statutes provide for conviction of a driver found to have exceeded an established speed limit. Therefore, we reverse the trial court and hold that the D.O.T. could properly consider the Missouri convictions.

REVERSED.