In re the MARRIAGE OF Sharon Sue LEEGE and Verl Dean Leege.

Upon the Petition of Sharon Sue Leege, Appellant,

And Concerning Verl Dean Leege, Appellee.

No. 91–775.

Court of Appeals of Iowa.

Oct. 27, 1992.

Amanda Potterfield of Johnston, Larson, Potterfield, Zimmermann & Nathanson, Cedar Rapids, for appellant.

Gordon R. Gibson of Allen, Vernon, Gibson & Robison, Marion, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Sharon and Verl Leege were divorced in December 1983. The dissolution decree incorporated the parties' stipulation. Sharon was granted primary physical care of the parties' two children and Verl was given visitation rights. Verl was ordered to pay child support of $250 per month.

Paragraph four of the stipulation awarded Sharon the marital residence in Ely, Iowa. The stipulation also provided:

Petitioner [Sharon] hereby agrees to return to the State of Iowa no later than June 30, 1984, or the end of the school term for Joshua Leege and shall be entitled to move in and occupy the house of the parties above described. In the event the Petitioner, Sharon Sue Leege, would subsequently leave the State of Iowa, any and all of her interest in the

real estate shall be forfeited and title shall revert to Respondent, Verl Dean Leege, and she agrees to execute any and all instruments necessary to effectuate this transaction. It is understood that Petitioner may choose not to occupy the house of the parties and may move and rent the premises so long as she remains within the State of Iowa....

Furthermore, the decree required Verl to ensure there were no liens upon the house, to bring his child support payments up to date, to pay any and all property taxes on the property, to remove his possessions from the premises, and to financially assist Sharon's move from Illinois.

While the dissolution action was pending, Sharon moved with the children to Charleston, Illinois, where her mother lives. Sharon is employed there as a secretary for the Charleston Police Department. Although at the time of the stipulation Sharon had agreed to move back to Iowa, she has in fact never done so. She has continually rented out the house in Ely.

In August 1984, Verl brought an action to enforce paragraph four of the stipulation. He asked the court to award him title to the property because Sharon had not returned to Iowa. In a decision dated January 9, 1985, the district court refused to invoke the forfeiture clause based on Sharon's failure to return to Iowa.

Both parties appealed that decision. In our unpublished decision of June 4, 1986, we concluded the clear intent of the stipulation was that Sharon live in Iowa or the property reverted to Verl. However, we also interpreted the dissolution decree to impose on Verl a financial obligation to pay all taxes and child support in order to make it financially possible for Sharon to return to Iowa. We determined these were a condition precedent to Sharon's duty to move to Iowa. We found Verl had failed to pay $500 in property taxes and $2,500 due in child support. We thus declined to invoke the forfeiture clause against Sharon.

Verl filed the present application to enforce the forfeiture clause of the dissolution decree in April 1990. The district court determined Verl had sufficiently fulfilled the conditions precedent to invoke Sharon's duty to return to Iowa. At the time of the trial on March 19, 1991, Verl had paid all the taxes due on the property and was current on his child support obligation. Sharon testified she did not intend to return to Iowa. The court concluded that under the terms of the dissolution decree the house then reverted to Verl. Sharon has appealed.

I. Our scope of review in equity proceedings is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially concerning the credibility of witnesses. Iowa R.App.P. 14(f)(7).

II. Sharon contends the present action is barred by the doctrine of res judicata. She looks to language used by the earlier district court opinion of January 1985, which stated the decree lacked specificity as to the various terms and conditions surrounding Sharon's return to Iowa. Sharon argues that under the doctrine of claim preclusion, Verl may not now seek to enforce this same provision.

Res judicata as claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim. *Selchert v. State*, 420 N.W.2d 816, 818 (Iowa 1988). The doctrine is based on the principle that a party may not split or try a claim piecemeal, but must put in issue the entire claim or defense in the case on trial. *Id.*

We note that on appeal, we affirmed the district court decision on other grounds. We found the terms of the dissolution decree were enforceable, but because Verl had not fulfilled the conditions precedent, we would not enforce the forfeiture clause at that time. Under the doctrine of claim preclusion, this decision is binding on the parties.

We conclude our earlier decision left the door open for Verl to later meet the conditions precedent and bring an action to enforce the forfeiture clause, as he has done in the present action. We determine this

action is not barred by the doctrine of res judicata.

III. Sharon claims that Verl has not sufficiently met the conditions precedent to invoke the forfeiture clause and allow ownership of the house to revert to him. She states that while Verl may have been current in his child support obligation on March 19, 1991, the day of the hearing, he is often delinquent in paying his child support. Sharon contends Verl has not made it financially possible for her to return to Iowa.

The evidence shows Verl has been delinquent in his child support obligation on several occasions. Sharon has then instituted proceedings to find Verl in contempt for failure to pay child support. We conclude, however, that Verl sufficiently met this condition precedent by being current in his child support on the day of the hearing. To interpret the dissolution decree otherwise would mean Verl would never be able to enforce the forfeiture clause until he was no longer obligated to pay child support, an interpretation we reject.

We also conclude that her financial condition is not the primary reason Sharon has refused to return to Iowa. When asked why she and the children could not return to Iowa, Sharon testified:

> Well, I've had the same job for several years. I've got stability. The kids have been in school for this—all these years. I've got roots now. We are established in the community. We've been involved in church. They're involved in boy scouting. It's just a lot of time involved, and they're happy and I'm happy.

We determine Verl has sufficiently met the conditions precedent found in the dissolution decree to invoke the forfeiture clause.

IV. Sharon also contends the present action is barred by the doctrine of laches.

For an action to be barred by laches the party asserting that affirmative defense has the burden to establish its essential elements by clear, convincing, and satisfactory evidence. *State v. Peterson*, 347 N.W.2d 398, 404 (Iowa 1984). Laches is an equitable doctrine which relates to delay in the assertion or prosecution of a claim, working to the disadvantage or prejudice of another. *Id.* The doctrine is applied only where it would be inequitable to allow a person making a belated claim to prevail. *Id.*

Sharon has not shown how she has been harmed by Verl's delay in asserting his right to the house. Sharon has had the ability to rent the house during all this time. We find the present action is not barred by the doctrine of laches.

V. Finally, Sharon contends Verl should be equitably estopped from enforcing the forfeiture clause. She states that Verl's actions caused her to move to Illinois and that he did not give her the financial backing necessary to move to Iowa until she was settled in Illinois with a secure job.

The essential elements of equitable estoppel are: (1) a false representation or concealment of material facts; (2) lack of knowledge of the true facts on the part of the actor; (3) intention to be relied upon; and (4) reliance thereon by the party to whom made, to his or her prejudice and injury. *Walters v. Walters*, 203 N.W.2d 376, 379 (Iowa 1973). An estoppel may arise under certain circumstances from silence or inaction, as well as from words or actions. *Keokuk State Bank v. Eckley*, 354 N.W.2d 785, 792 (Iowa App.1984).

We conclude Sharon has failed to show her refusal to move back to Iowa is due to any action or inaction by Verl. Clearly, Sharon prefers to live in Illinois where her mother lives and where she has made a new life. Unfortunately, under the terms of the dissolution decree, which she agreed to at the time the stipulation was entered into, her decision to remain in Illinois means that she must give up her interest in the house in Ely. We affirm the decision of the district court forfeiting Sharon's interest in the house at 1510 Hillcrest in Ely and quieting title to the property to Verl.

VI. Sharon asks for attorney fees for this appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Hunt,* 476 N.W.2d 99, 103 (Iowa App.1991). We determine each party should be responsible for his or her own attorney fees. Costs of this appeal are assessed to Sharon.

AFFIRMED.