STATE of Iowa, Appellee,

v.

David James O'MALLEY, Appellant.

No. 98–667.

Supreme Court of Iowa.

April 28, 1999.

Carter Stevens of Roberts & Stevens, P.L.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, Noel C. Hindt, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Anthony Janney, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

PER CURIAM.

The defendant, David O'Malley, was convicted of third-offense operating while intoxicated (OWI), in violation of Iowa Code section 321J.2 (1997). On appeal, he challenges only the sentencing court's order directing that his license be revoked for six years pursuant to section 321J.4(3)(a). He contends the district court erred in ordering the revocation because one of his prior OWI convictions is an out-of-state conviction, which, in his view, cannot count as a prior conviction for purposes of section 321J.4(3)(a). We find the district court properly ordered the revocation, and therefore affirm.

*I. Facts and Prior Proceedings.*

On June 6, 1997, the State charged the defendant by trial information with third-offense OWI. The predicate offenses used to enhance the level of the offense were a 1993 Iowa conviction and a 1994 Illinois conviction. The defendant entered a guilty plea to the offense, and did not challenge the use of the Illinois conviction. *See* Iowa Code § 321J.2(3) (out-of-state conviction under substantially similar statutes is counted as previous offense for charging purposes). On

January 13, 1998, the district court filed its judgment and sentencing order. Because this was defendant's third lifetime conviction, the court ordered the Iowa Department of Transportation to revoke his driving privileges for a period of six years. *See* Iowa Code § 321J.4(3)(a).

Thereafter, the defendant filed a motion to reconsider, asserting the court inadvertently ordered the six-year revocation. He believed that at the sentencing hearing the court determined the six-year revocation did not apply because the Illinois conviction could not be used as a basis for the revocation under section 321J.4(3)(a). Upon reconsideration, the court amended its sentencing order to delete the six-year revocation.

In response, the department communicated to the court its disagreement with the reconsideration. The district court again reconsidered the issue and reinstated the revocation. Although it found section 321J.4(3)(a) required three violations of section 321J.2 to trigger the six-year revocation and the Illinois conviction was not a section 321J.2 violation, it concluded the legislature intended to include out-of-state convictions under section 321J.4(3)(a). It relied upon our reasoning in an analogous situation in *State v. Peterson*, 347 N.W.2d 398 (Iowa 1984), in which we determined out-of-state convictions could be used as predicate offenses under the habitual offender statute.

The defendant appeals. He argues he does not have the three section 321J.2 convictions necessary to invoke the six-year license revocation of section 321J.4(3)(a) because the Illinois conviction is not a conviction under section 321J.2. He also contends *Peterson* is not applicable. The State asserts section 321J.4(3)(a), read in conjunction with section 321J.2(3), clearly indicates that out-of-state convictions can be used to revoke a defendant's license for six years. Alternatively, it asserts *Peterson* provides sound authority to uphold the district court decision.

## II. Analysis.

■ Our review of the interpretation of section 321J.4(3)(a) is at law. *See State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996). Our ultimate goal in interpreting statutes is to determine legislative intent. *State v. Schlemme*, 301 N.W.2d 721, 723 (Iowa 1981). "Statutory construction is properly invoked when a statute contains such ambiguities or obscurities that reasonable minds may disagree or be uncertain as to their meaning." *Id.* We look to the object to be accomplished, the evils sought to be remedied, or the purpose to be subserved, and will employ a liberal construction which will best serve the statute's purpose rather than one which will defeat it. *See Schmoldt v. Stokes*, 275 N.W.2d 209, 210 (Iowa 1979).

■ The two statutes at issue are sections 321J.2(3) and 321J.4(3)(a). Section 321J.2(3)[1] provides in pertinent part:

> For the purpose of determining if a violation charged is a second, third, or subsequent offense, ... *convictions* or the equivalent of deferred judgments *for violations in any other states under statutes substantially corresponding to this section shall be counted as previous offenses.* The courts shall judicially notice the statutes of other states which define offenses substantially equivalent to the one defined in this section and can therefore be considered corresponding statutes. *Each previous violation on which conviction* or deferral of judgment *was entered prior to the date of the violation charged shall be considered and counted as a separate offense.*

(Emphasis added.) Section 321J.4(3)(a) provides in part:

> Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department to revoke the defendant's motor vehicle license ... for a period of six years.

■ Under section 321J.2(3), an out-of-state OWI conviction, entered pursuant to statutes which substantially correspond to

1. Effective July 1, 1997, the legislature renumbered and amended § 321J.2(3), now § 321J.2(4), to specifically provide that its provisions apply to determine license revocations under Iowa Code chapter 321J. *See* Iowa Code § 321J.2(4) (Supp.1997). Because the amend-
ment was not in effect at the time of the defendant's arrest and neither the defendant nor the State raised its applicability before the district court, we will not consider the amended provision.

Iowa Code chapter 321J, is counted as a previous offense of section 321J.2 for charging purposes. The defendant was convicted of third-offense OWI under section 321J.2, due, in part, to his Illinois conviction. He has never challenged the use of that out-of-state conviction to enhance the level of the offense, and voluntarily entered a guilty plea to the enhanced offense. Therefore, we assume that the Illinois conviction was premised upon similar statutes to our own and is equivalent to a previous offense of section 321J.2 pursuant to section 321J.2(3).

Section 321J.4(3)(a) requires a six-year revocation of a defendant's driver's license upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2. The defendant's Illinois conviction is a violation of section 321J.2 via section 321J.2(3). We find no reason that the Illinois offense should not also be treated as a prior violation for purposes of applying section 321J.4(3)(a). There is no indication the legislature intended to treat an out-of-state conviction differently for charging purposes than for license revocation purposes. The enhanced punishment prescribed in Iowa Code section 321J.4(3)(a) is not directed—certainly not entirely—at the cumulative effect of successive affronts to Iowa law. The main focus is on the last offense here in Iowa. We think the legislature called for the enhancement because, notwithstanding ample experience, the accused simply was not getting the point. This interpretation promotes the legislative purpose of section 321J.4(3), which is to protect the public by removing repeat-offenders from our roadways. *See State v. Blood,* 360 N.W.2d 820, 822 (Iowa 1985).

### III. Conclusion.

Because the out-of-state conviction constituted a previous offense under section 321J.2, it could be considered to revoke the defendant's driving privileges for six years under section 321J.4(3)(a). Although the district court rested its decision on a different ground, we may affirm the decision for any reason appearing in the record. *See State v. McCowen,* 297 N.W.2d 226, 227 (Iowa 1980). For the reasons we have already explained, we conclude the district court did not err in ordering the department to revoke the defendant's driving privileges.

**AFFIRMED.**