STATE of Iowa, Plaintiff–Appellee,

v.

Vaughn Clair HENDERSON, Defendant–Appellant.

No. 10–1871.

Court of Appeals of Iowa.

July 27, 2011.

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Christine Shockey, Assistant County Attorney, for appellee.

Considered by EISENHAUER, P.J., and POTTERFIELD and TABOR, JJ.

TABOR, J.

Vaughn Henderson pleaded guilty to theft in the third degree, admitting that he took a video game console from a retail store without paying for it and that he had twice before been convicted of theft in Ohio. On appeal, he asks us to find his counsel was ineffective for not arguing that Iowa Code section 714.2(3) (2009) only allows for enhancement with prior Iowa

theft convictions. Because we conclude that Henderson's counsel did not fail to perform an essential duty, we affirm the conviction.

## I. Background Facts and Proceedings

On May 10, 2010, Henderson took a Nintendo DSI from a Target store in Council Bluffs without paying for it. Henderson also possessed a tool used to remove the anti-theft device from the product's packaging. Authorities caught up with Henderson when he pawned the stolen property.

The State filed a trial information on August 6, 2010, charging Henderson with seven counts: (1) conspiracy to commit ongoing criminal conduct, a class "D" felony; (2–5) four counts of theft in the third degree, enhanced to aggravated misdemeanors by two prior theft convictions; (6) ongoing criminal conduct, a class "B" felony; and (7) possession of a theft detection removal device, a serious misdemeanor.

Pursuant to a plea agreement, Henderson entered two guilty pleas, one to theft in the third degree and a second to possession of a theft detection removal device. In exchange, the State dismissed the remaining charges. At a hearing on October 14, 2010, the court discussed the plea agreement with Henderson. Henderson admitted taking a Nintendo DSI valued at $169.99 and informed the court that he had been convicted of theft in Ohio in 1993 and 2007. The court accepted his plea at the hearing and Henderson waived the time before sentencing. Henderson received a two-year suspended sentence on the theft charge and a suspended 365–day sentence on the possession of a theft detection removal charge, to run concurrently. The court placed Henderson on supervised probation for one year and required him to make restitution for the items he stole. Henderson now appeals his conviction and sentence for third-degree theft, alleging his plea counsel was ineffective in several ways.

## II. Scope and Standard of Review

We review Henderson's ineffective-assistance-of-counsel claims de novo. *State v. Ondayog,* 722 N.W.2d 778, 783 (Iowa 2006). "Although claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings, we will consider such claims on direct appeal where the record is adequate." *State v. Horness,* 600 N.W.2d 294, 297 (Iowa 1999). To prove a claim of ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that: (1) counsel failed to perform an essential duty and (2) prejudice resulted from that failure. *Ondayog,* 722 N.W.2d at 784.

## III. Analysis

A defendant asserting an ineffective-assistance-of-counsel claim on direct appeal must establish "an adequate record to allow the appellate court to address the issue." *State v. Johnson,* 784 N.W.2d 192, 198 (Iowa 2010). "[I]t is for the court to determine whether the record is adequate and, if so, to resolve the claim." *Id.; see also* Iowa Code § 814.7. Because Henderson's argument rests on the statutory interpretation of Iowa Code section 714.2(3), we are satisfied that the record is adequate to decide this case on direct appeal.

To satisfy the first prong of an ineffective-assistance-of-counsel claim, a defendant must show that counsel did not act as a "reasonably competent practitioner" would have. *State v. Simmons,* 714 N.W.2d 264, 276 (Iowa 2006). The defendant must overcome a strong presumption that counsel performed within the normal range of competency. *Horness,* 600

N.W.2d at 298. A defendant may overcome this presumption by showing that counsel should have recognized that an issue was " 'worth raising.' " *State v. Fountain,* 786 N.W.2d 260, 266 (Iowa 2010) (citation omitted). Failing to make a meritless objection does not constitute a breach of an essential duty. *See State v. Armstrong,* 787 N.W.2d 472, 477–78 (Iowa Ct.App.2010) (holding that counsel had no duty to challenge identity theft statute on vagueness grounds when statute gave fair warning of prohibited conduct).

We first consider whether there is merit to the statutory interpretation argument Henderson claims his counsel should have made. If the argument has merit, we must then decide whether his counsel's inaction fell outside the normal range of competency expected of criminal defense attorneys.

Henderson claims his counsel erred by failing to argue that a theft offense cannot be enhanced to an aggravated misdemeanor based on out-of-state convictions. The State charged Henderson with third-degree theft under section 714.2(3), which provides:

> [T]he theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft, is theft in the third degree. Theft in the third degree is an aggravated misdemeanor.

■ Iowa courts have not previously decided whether the State may use a defendant's convictions from other jurisdictions to enhance punishment under section 714.2(3). To determine whether an unaddressed issue is "worth raising," we consider whether review of the statute "would have lent substantial weight" to the defendant's position. *State v. Schoelerman,* 315 N.W.2d 67, 72 (Iowa 1982). Thus, we review the particular language of section 714.2(3) to determine if it lends substantial

weight to Henderson's claim that he could not be charged with the enhanced theft offense.

Several Iowa statutes explicitly allow out-of-state convictions to enhance an Iowa offense. For example, Iowa Code section 902.8 defines an habitual offender as any person "who has twice before been convicted of any felony in a court of this or any other state, or of the United States." Iowa Code section 901A.2(5), which addresses punishment for a sexually predatory offense, states

> In determining whether a conviction is a first or second conviction under this subsection, a prior conviction for a criminal offense committed in another jurisdiction which would constitute a violation of [an Iowa statute] if committed in this state, shall be considered a conviction under this subsection.

Iowa Code section 321J.2(8)(c), which applies to punishment for operating while intoxicated, states

> In determining if a violation charged is a second or subsequent offense ... [c]onvictions or the equivalent of deferred judgments for violations in any other states under statutes substantially corresponding to this section shall be counted as previous offenses.

Section 708.11(3)(b)(1) provides for the elevation of a stalking offense to a class "D" felony if "[t]he person commits stalking [in violation of] a criminal or civil protective order or injunction, or any other court order." The court has allowed an Illinois protective order to serve as the basis for the elevation of an Iowa stalking offense to a class "D" felony. *State v. Bellows,* 596 N.W.2d 509, 513 (Iowa 1999).

In light of these recidivism statutes, Henderson argues the legislature would have used more inclusive language or included a specific allowance for out-of-state

convictions if it intended to enhance theft offenses based on convictions obtained outside of Iowa. But to determine legislative intent, we look to the words the legislature chose, rather than to what the legislature should or might have said. *State v. Peterson,* 347 N.W.2d 398, 402 (Iowa 1984). In *Peterson,* our supreme court considered arguments similar to those advanced in this case. The court decided that under Iowa's habitual traffic offender statutes, out-of-state convictions have the same effect as in-state convictions. *Id.* at 403. The court rejected the defendant's argument that "if the legislature had intended [section 321.555] to include out-of-state convictions, the statute would have expressly so provided, because other statutes in chapter 321 do so in express terms." *Id.* at 402. The court concluded: "On balance we find little persuasive force in the parties' arguments concerning what the legislature might have said but did not." *Id.*

█ Although the language of section 714.2(3)—"by one who has before been twice convicted of theft"—does not specifically provide that the State may enhance a theft conviction based upon convictions from another jurisdiction, it also does not prohibit the State from doing so. No Iowa case has limited the word "convicted" to mean only convicted in the state of Iowa. *See generally State v. Hanna,* 179 N.W.2d 503, 507–08 (Iowa 1970) (defining conviction in its "technical legal sense" as "the status of being guilty of, and sentenced for, a criminal offense").

Furthermore, courts in other jurisdictions have allowed enhancements with out-of-state convictions without specific statutory language authorizing the practice. *See, e.g., People v. Hazelton,* 14 Cal.4th 101, 58 Cal.Rptr.2d 443, 926 P.2d 423, 426–27 (1996) (holding that out-of-state conviction is a "strike" under law providing that

a defendant is eligible for a third strike penalty if he has sustained "two or more prior felony convictions"); *Weiss v. State,* 903 N.E.2d 557, 561 (Ind.Ct.App.2009) (analyzing out-of-state convictions as if they had been committed in-state under Indiana Code section 35–50–2–8 reading: "the [S]tate may seek to have a person sentenced as a habitual offender for any felony by alleging ... that the person has accumulated two prior unrelated felony convictions"); *State v. Zulfer,* 345 S.C. 258, 547 S.E.2d 885, 887 (S.C.Ct.App.2001) (finding burglary statute did not limit State to offering only record of South Carolina convictions when language provides for enhancement based on "a prior record of two or more convictions for burglary or housebreaking or a combination of both").

█ Nothing in the language of section 714.2(3) prohibits the State from basing Henderson's enhancement on the two prior Ohio theft convictions he admitted in his guilty plea. When a statute is plain and its meaning is clear, we do not search for meaning beyond the express terms of the statute. *State v. Albrecht,* 657 N.W.2d 474, 479 (Iowa 2003). "We will not undermine a policy decision by our legislature 'by ignoring the plain language of the statute.'" *State v. Olsen,* 618 N.W.2d 346, 350 (Iowa 2000) (citation omitted). The legislature did not limit the type of theft conviction that suffices to show recidivism and we will not judicially insert a restriction allowing only Iowa convictions to serve as the basis for an enhancement.

█ Even if section 714.2(3) was ambiguous, the rules of statutory construction do not support Henderson's interpretation. "The polestar of statutory interpretation is to give effect to the legislative intent of a statute." *State v. Ross,* 729 N.W.2d 806, 810 (Iowa 2007) (citation and external quotation omitted). In ascertaining legislative intent, we consider "not only the language

of the statute, but also its subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, remedies provided, and the consequences of various interpretations." *Albrecht,* 657 N.W.2d at 479. We agree with the State's argument that the purpose of the enhancement at issue is to provide a stiffer penalty for offenders with a history of theft. It is designed to reduce recidivism by providing a heightened disincentive for those who have demonstrated a willingness to steal. Limiting the enhancement only to previous Iowa theft convictions would thwart the legislature's intent by exempting habitual thieves based solely on the geography of their previous offenses. *Cf. Bellows,* 596 N.W.2d at 512–13 (noting that enhancing a penalty for violating a foreign protective order promotes the legislature's goal in enacting stalking statute).

Accordingly, we reject Henderson's contention his counsel should have argued that theft in the third degree cannot be enhanced by his Ohio convictions. Counsel was not obligated to make the meritless argument now urged by Henderson. Therefore, we also reject his assertions that his counsel was ineffective for failing to file a motion in arrest of judgment, for allowing him to plead guilty, and for waiving the time before sentencing. Henderson has not shown his counsel failed in an essential duty. Because he has not proven the breach-of-duty prong, Henderson's ineffective-assistance-of-counsel claim fails.

**AFFIRMED.**