**CITY OF IOWA CITY, Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR JOHNSON COUNTY, IOWA, Defendant.**

No. 89–772.

Supreme Court of Iowa.

May 23, 1990.

Rehearing Denied June 20, 1990.

William J. Sueppel, Asst. City Atty., Iowa City, for plaintiff.

Patricia C. Kamath, Iowa City, for defendant.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The plaintiff's petition for writ of certiorari raises issues involving the authority of judicial magistrates to order the abatement of a nuisance defined by ordinance as a municipal infraction. The authority of cities to define nuisances and the scope of the municipal infraction statute are also at issue. Because we believe the magistrate has authority to order the abatement of a municipal infraction, we sustain the writ.

The city of Iowa City brought an action in September of 1988 against Hubert Yeggy charging him with violating a city ordinance concerning nuisances. The city ordinance declares certain conditions are nuisances. A general penalty provision declares any failure to perform any act required by city ordinance is a misdemeanor punishable by a fine of one hundred dollars or imprisonment not to exceed thirty days. *Code of Ordinances of Iowa City* § 1–9 (1988). The city code also provides any ordinance violation is a municipal infraction. *Code of Ordinances of Iowa City* § 1–21. Yeggy was accused of committing a municipal infraction by allowing junk or salvage materials to be collected and to remain upon his property. *See Code of Ordinances of Iowa City* § 24–101(a). The city sought a civil penalty of thirty dollars plus costs and the removal of the junk and salvage materials. The charge was tried to a judicial magistrate who found Yeggy guilty of the municipal infraction. The magistrate fined Yeggy thirty dollars and ordered him to remove the junk and salvage materials from the property.

Yeggy appealed to the district court, and the appeal was heard by a district associate judge. The court affirmed the judgment and imposition of a fine but found the magistrate did not have jurisdiction or authority to order the nuisance be abated. The court concluded the city did not have the power to give magistrates, through municipal infractions, those powers to abate given to the district court under Iowa Code chapter 657.

The city filed a motion to reconsider with the district court. In denying the motion, the court noted that causing a public or

common-law nuisance is an aggravated misdemeanor under Iowa Code section 657.3 and, therefore, it could not be made a municipal infraction. *See* Iowa Code § 364.22(3). *See also* Iowa Code § 602.6405 (judicial magistrate has no jurisdiction over aggravated misdemeanors). The court further noted abatement might cost more than the $2000 civil limitation on a magistrate's jurisdiction. *See* Iowa Code §§ 631.1(1), 631.2(1). We granted the plaintiff's petition for writ of certiorari.

■ A writ of certiorari shall be granted when a court exceeds its proper jurisdiction or otherwise acts illegally. Iowa R.Civ.P. 306. Illegality exists when the findings of the court do not have substantial evidentiary support or when the tribunal does not apply the proper law. *Amro v. Iowa Dist. Court for Story County*, 429 N.W.2d 135, 138 (Iowa 1988). As to judicial magistrates, they act within the sphere of their jurisdiction if (1) the statutory prerequisites to jurisdiction are fulfilled, (2) they have jurisdiction of the subject matter, and (3) they have jurisdiction of the person. *Huendling v. Jensen*, 168 N.W.2d 745, 749 (Iowa 1969).

In 1986, the legislature passed an act authorizing cities and counties to establish civil penalties for violations of ordinances. *See* 1986 Iowa Acts ch. 1202. The act allows creation of a new type of ordinance violation called a "municipal infraction." *See* 1986 Iowa Acts ch. 1202, § 2 (codified at Iowa Code § 364.22 (1987)). Municipal infractions are civil offenses punishable by a civil penalty of not more than one hundred dollars. Iowa Code § 364.22(1). A municipal infraction is not punishable by imprisonment. Iowa Code § 364.3(6). In addition to the civil penalty, a city may seek alternative relief from the court in the same action. Iowa Code § 364.22(8). When a person is found guilty of a municipal infraction, the court may impose a civil penalty or may grant appropriate relief to abate or halt the violation, or both. Iowa Code § 364.22(9).

In 1987, the legislature passed an act relating to the use of county and municipal infractions. *See* 1987 Iowa Acts ch. 99.

The act provides that magistrates have jurisdiction of county and municipal infractions. *See* 1987 Iowa Acts ch. 99, § 7 (codified at Iowa Code § 602.6405(1) (Supp. 1987)). The act also prohibits a city from creating a municipal infraction "if the violation is a felony, an aggravated misdemeanor, or a serious misdemeanor under state law or if the violation is a simple misdemeanor under chapters 687 through 647." 1987 Iowa Acts ch. 99, § 4 (codified at Iowa Code § 364.22(3) (Supp.1987)).

■ The city had authority to define a nuisance by ordinance and to provide that a violation of its nuisance ordinance is a municipal infraction. Cities have authority under Iowa Code section 364.1 to investigate, to declare, and to seek abatement of nuisances. *City of Cedar Falls v. Flett*, 330 N.W.2d 251, 255 (Iowa 1983); *Town of Grundy Center v. Marion*, 231 Iowa 425, 433, 1 N.W.2d 677, 681 (1942). Cities now may provide that a violation of an ordinance is a municipal infraction. Iowa Code § 364.22(2).

■ It is true that a city cannot create a municipal infraction if the violation is an aggravated misdemeanor under state law. Iowa Code § 364.22(3). However, causing a nuisance is an aggravated misdemeanor under state law only "where no other punishment therefor is specially provided." Iowa Code § 657.3. *See Jasper County v. Sparham*, 125 Iowa 464, 466, 101 N.W. 134 (1904). The statutory scheme allows cities to provide other penalties for violating a nuisance ordinance, and, thus, section 364.-22(3) did not limit the city's authority.

■ In any event, the fact that causing a nuisance may be an aggravated misdemeanor under state law in some instances does not prevent a magistrate from hearing the matter where it is a municipal infraction. The jurisdiction of magistrates expressly includes municipal infractions. Iowa Code § 602.6405(1).

We conclude the magistrate had authority to order the abatement of the nuisance. The statute allows the city to seek alternative relief in the same action. Iowa Code § 364.22(8). When a judgment has been

entered, the court may impose a civil penalty or may grant appropriate relief to abate or halt the violation, or both. Iowa Code § 364.22(9). The jurisdiction of the district court is exercised by district judges, district associate judges, and magistrates. Iowa Code § 602.6104(1). When the magistrate's jurisdiction was expanded in 1987 to include municipal infractions, magistrates were given the authority of the court to abate or halt the violation of municipal infraction ordinances under section 364.-22(9). Accordingly, the magistrate lawfully could order abatement of the nuisance.

The authority of magistrates to enforce the provisions of chapter 657 is not at issue, and the limitations on the small claims jurisdiction of magistrates are not applicable. Moreover, the question as to the procedure for enforcing the order of abatement is not before us now.

We note that the legislature has passed an act relating to the handling and use of county and municipal infractions, making a Code correction in regard to such infractions, and providing for penalties and remedies for such infractions. *See* 1989 Iowa Acts ch. 150 (effective July 1, 1989). It has no application here. We do not suggest whether or not its application would change the outcome.

WRIT SUSTAINED.