In the Matter of R.A.R., Alleged to be Seriously Mentally Impaired, Appellant.

No. 89–1816.

Supreme Court of Iowa.

Jan. 23, 1991.

Mary Lynn Neuhaus, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Valencia Voyd McCown, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER, and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal the appellant challenges the findings and commitment order of district associate judge Randal J. Nigg. The associate judge found R.A.R. was seriously mentally impaired and ordered involuntary hospitalization on an outpatient basis. R.A.R. filed a notice of appeal asking the district court to review the associate judge's findings pursuant to Iowa Code section 229.21(4) (1989). District Judge Alan L. Pearson concluded the appellate process described in section 229.21(4) applied to findings of a hospital referee but not to findings of an associate judge. The district judge dismissed the appeal. We affirm.

On appeal to us, R.A.R. urges that the findings of the associate judge, acting as a magistrate, were reviewable by the district court. R.A.R. does not claim the associate judge was acting as a hospitalization referee [1] or with the authority of a district judge.[2] In civil commitment proceedings, an associate judge has the jurisdiction provided for magistrates, and while exercising that jurisdiction, employs magistrates' practice and procedure. Iowa Code § 602.6306(1). Appeals from judgments or orders of associate judges while exercising the jurisdiction of magistrates are governed by the laws relating to the appeals from judgments and orders of magistrates. Iowa Code § 602.6306(4). R.A.R. claims that the procedure for appeal to the district court in small claims actions, Iowa Code § 631.13, should be applied here.

The fundamental issue raised by this appeal is jurisdictional, not procedural. Associate judges have the jurisdiction provided for magistrates. Iowa Code § 602.6306(1). R.A.R. relies upon this section as authority for an associate judge acting as a magistrate to make a civil commitment. Section 602.6405 provides:

1. Magistrates have jurisdiction of simple misdemeanors, including traffic and ordinance violations, and preliminary hearings, search warrant proceedings, county and municipal infractions, and small claims. They also have jurisdiction ... to hear complaints or preliminary informations, issue warrants, order arrests, make commitments, and take bail.

We conclude the type of commitment authority provided under this section relates only to criminal proceedings such as those referred to in Iowa Code sections 804.22 and 804.25–.27. A magistrate has only limited jurisdiction in hospitalization proceedings. Only under section 229.22 is a magistrate permitted to participate in a hospitalization proceeding. This section provides that a magistrate may enter an order continuing the detention of a person who is hospitalized under an emergency procedure. Neither an associate judge nor a magistrate has jurisdiction to enter a civil commitment order.

Although the associate judge was acting in good faith, he had no authority to enter commitment orders under the provisions of Iowa Code section 229.12. The associate judge's commitment order is void. The district court's dismissal order is affirmed. Because of this ruling, we need not address other issues raised in the appeal.

AFFIRMED.

---

1. Under Iowa Code § 229.21 a judicial hospitalization referee may be appointed by the chief judge of the district. The hospitalization referee may then discharge all the duties imposed upon judges of the district court under §§ 229.7 to 229.19. Iowa Code § 229.21(3). However, a hospitalization referee's finding may be appealed to the district court. The appeal must be taken within seven days after the referee's finding is made. When so appealed, the matter stands for trial de novo to a district judge. Iowa Code § 229.21(4).

2. Under Iowa Code § 602.6306, when a district judge is unable to serve as a result of temporary incapacity, an associate judge may, by order of the chief judge, temporarily exercise any judicial authority within the jurisdiction of a district judge during the time of incapacity with respect to matters or classes of matters specified in that order.