STATE of Iowa, Appellee,

v.

Verle A. MORET, Appellant.

No. 92–1876.

Supreme Court of Iowa.

Aug. 25, 1993.

Randy L. Waagmeester and Paul L. White of De Waay & Waagmeester, Rock Rapids, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., Mark Hunacek, Asst. Atty. Gen., and Michael E. Thole, County Sp. Prosecutor, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

The issue here is whether—in habitual violator proceedings—we should allow laches as a complete defense. The district court did not and barred the defendant from operating a motor vehicle for two years. We affirm.

On July 29, 1991, the State filed a petition asking the district court to determine that Verle A. Moret was an habitual violator. *See* Iowa Code § 321.556 (1991). An abstract of conviction record for Moret was attached to the petition. The abstract listed three O.W.I. offenses: one for January 11, 1989; one for January 12, 1989; and one for May 11, 1989. The abstract also listed a conviction for driving while license was under suspension for January 17, 1991.

About a month after the petition was filed, the district court found that Moret had established his defense of laches against the Iowa department of transportation. The basis of the defense was that the department had allegedly untimely prose-cuted this case. The district court over-ruled the State's motion to reconsider after which the State appealed.

We treated the State's appeal as an action for writ of certiorari. We sustained the writ, concluding that the judge who heard the case had no authority to hear it. The judge was an associate district court judge. We remanded the case to the district court. *See State v. Moret*, 486 N.W.2d 589, 592 (Iowa 1992) (*Moret I*).

On remand, a district judge heard the case and barred Moret from operating a motor vehicle for two years.

On appeal Moret contends it would be inequitable for this court to uphold the district court's decision. In support of his contention, Moret argues that the State should be precluded from revoking his driving privileges because he established his defense of laches against the State. This defense is based on the State's alleged unreasonable delay in initiating these proceedings. Moret's contention and argument raises the following issue: Is laches a complete defense in habitual violator proceedings?

▮ Laches is an equitable doctrine. Essentially, the doctrine applies to those situations in which a party has delayed prosecution of a claim to the prejudice of the party against whom the claim is made. *See State v. Peterson*, 347 N.W.2d 398, 404 (Iowa 1984).

In *Moret I*, we noted that in *Peterson* we implicitly approved the use of laches as a defense in habitual offender proceedings. *See Moret I*, 486 N.W.2d at 592. We did not, however, say that laches could be used as a complete defense. What we did say was that

> [i]n determining the period of time the habitual offender is to be barred, ... it is appropriate for the district judge to consider the time at which the petition was brought by the State in relation to the dates of convictions as shown on the abstract.

*Id.*

▮ In short, what we were saying is that laches is a partial, not a complete,

**454**

defense. Under Iowa Code section 321.560 the district court can set the period of license revocation "for a period of not less than two years nor more than six years from the date of judgment." Iowa Code § 321.560. Given this limited discretion, we hold that the district court may, in fixing the period of revocation, consider the lapse of time between the date the habitual violator proceedings could have been instituted and the date they were in fact instituted.

Here the district court did just that when it fixed the period of revocation at two years. The court found that the State could have instituted the habitual violator proceedings some two years earlier than it did. The court took this fact into consideration in fixing the period of revocation at the minimum: two years. For this reason, Moret received all he was entitled to in asserting laches as a defense.

**AFFIRMED.**