**STATE of Iowa, Appellee,**

v.

**Deon Lee MOORE, Appellant.**

**No. 93–1985.**

Supreme Court of Iowa.

Feb. 22, 1995.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich and Angelina M. Smith, Asst. Attys. Gen., Thomas J. Ferguson, County Atty., and Raymond Walton, Asst. County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Defendant, Deon Moore, appeals his conviction following a bench trial of delivery of a controlled substance. *See* Iowa Code § 124.401(1)(c) (1993). He contends there is insufficient evidence of delivery to support his conviction. He claims no delivery occurs when drugs are transferred from a person in physical possession of the drugs to one having constructive possession of the drugs. We disagree and so affirm.

"When a defendant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine if, when considered as a whole, a reasonable person could find guilt beyond a reasonable doubt." *State v. Pearson*, 514 N.W.2d 452, 456 (Iowa 1994). All legitimate inferences and presumptions that may fairly and reasonably be deduced from the record are considered. *Id.* Viewing the evidence in a light most favorable to the State, the district court could have found the following facts.

Deon Moore and his wife, Marjorie, used controlled substances, including methamphetamine. Before the incident involved here, Deon would purchase the drugs and give them to Marjorie to use. Marjorie was never personally involved in the drug purchases and never paid for the drugs herself.

She thought Deon used money he earned from working on cars to buy drugs.

On February 2, 1993, Deon administered a shot of methamphetamine to Marjorie with her permission. He then left their home and did not return until the following morning, February 3, 1993. When Deon returned he had a syringe of methamphetamine with him. He injected Marjorie with the drug with her consent.

Deon and Marjorie then began arguing over the use of Marjorie's welfare check. Deon wanted the check to buy drugs and Marjorie wanted to use the money to pay rent. Marjorie refused to give him the check. Later that same day, Deon again injected Marjorie with some of the methamphetamine he had brought home that morning, this time against her will.

The couple then engaged in a heated argument. Marjorie's daughter phoned Marjorie's mother who called the police. Deon fled before the police arrived. The police found no drugs in the home.

To convict the defendant, the State was required to prove that (1) Deon delivered methamphetamine, and (2) Deon knew that the substance he delivered was a controlled substance. Iowa Code § 124.401 (1993); *State v. Osmundson*, 241 N.W.2d 892, 893 (Iowa 1976). Deon claims the facts cannot support a finding that he delivered drugs to Marjorie on February 3, 1993. The word "delivery" is defined to mean "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Iowa Code § 124.101(7) (1993).

The State contends that Deon delivered methamphetamine to Marjorie when he injected her with the drug. Deon argues that the injection was not a delivery because Marjorie was in constructive possession of the drugs before they were injected into her. *See generally State v. Rudd*, 454 N.W.2d 570 (Iowa 1990) (discussing principles of constructive possession).

The State responds that the constructive possession analysis is not available under the circumstances of this case. It argues that constructive possession is a legal doctrine

used to impose criminal responsibility on a person for possessing controlled substances. This doctrine should not, the State asserts, be employed to excuse a person from criminal responsibility for the delivery of controlled substances. In the alternative, the State argues that even if Marjorie had constructive possession of the methamphetamine, she took such possession only after Deon delivered the drugs to her.

We conclude that Deon delivered a controlled substance to Marjorie when he injected her even if Marjorie had constructive possession of the methamphetamine prior to that time. Several courts have reached similar conclusions. *E.g., United States v. Speer,* 30 F.3d 605, 609 (5th Cir.1994); *United States v. Holmes,* 722 F.2d 37, 41–42 (4th Cir.1983); *United States v. Wright,* 593 F.2d 105, 108 (9th Cir.1979); *Long v. United States,* 623 A.2d 1144, 1148 (D.C.1993); *State v. Toppan,* 425 A.2d 1336, 1339 (Me.1981). These courts are in agreement that one who shares drugs with others has transferred the drugs within the meaning of statutes prohibiting the distribution, furnishing or delivery of controlled substances. A transfer occurs when the drugs are shared even though joint funds were used to purchase the drugs. *Long,* 623 A.2d at 1148; *cf. Wright,* 593 F.2d at 108 (money to purchase drugs came solely from distributee); *Toppan,* 425 A.2d at 1340 (where three persons pooled their resources and labor to grow marijuana, person in physical possession of marijuana crop was guilty of furnishing drugs to the others).

We are aware that two courts have held that no delivery occurs when drugs are physically transferred from one joint owner to another. *United States v. Swiderski,* 548 F.2d 445 (2d Cir.1977) ("where two individuals simultaneously and jointly acquire possession of a drug for their own use," they are not guilty of distribution); *People v. Edwards,* 39 Cal.3d 107, 216 Cal.Rptr. 397, 403, 702 P.2d 555, 561 (1985) (en banc) (where two persons "were equal partners in the financing and execution of the heroin purchase," one could not be guilty of furnishing drugs to the other). However, in these cases both owners actively participated in the drug purchase. *Swiderski,* 548 F.2d at 448; *Ed-*

*wards,* 702 P.2d at 557. It was the existence of this fact that led the Court of Appeals for the Second Circuit and the California Supreme Court to hold that a finding of distribution or delivery could not be based on the joint purchase and possession of drugs for personal use. *Swiderski,* 548 F.2d at 450–51; *Edwards,* 702 P.2d at 559. The Second Circuit reasoned that because both persons had acquired possession from the outset and the drugs were intended for their personal use, neither individual "serve[d] as a link in the chain of distribution." *Swiderski,* 548 F.2d at 450.

Only the Minnesota Supreme Court has extended the holding in *Swiderski* to insulate joint owners of drugs from a delivery or distribution charge where both owners did not actively and equally participate in the purchase. In *State v. Carithers,* 490 N.W.2d 620 (Minn.1992), the Minnesota court held that a person who went alone to buy heroin for herself and her husband and then later shared the heroin with her husband had not delivered or distributed drugs.

Even if the facts here would support a finding that Deon purchased the drugs for the joint use of himself and Marjorie, we decline to follow the *Carithers* decision. We think that the holding of *Carithers* is inconsistent with our statutory definition of delivery which specifically includes transfers to or by an agent. *See State v. Welch,* 507 N.W.2d 580, 583 (Iowa 1993) (the definition of delivery includes transfers to an agent). By including transfers from an agent to a principal within the definition of delivery, we think the legislature intended to reach individuals who serve as a link in the chain of distribution. Consequently, we apply the rule of *Wright* and its progeny that a person who purchases drugs and later shares them with others has delivered a controlled substance even if joint funds have been used to finance the purchase.

The facts, viewed most favorably to the State, establish that Deon purchased the methamphetamine and had actual possession of it when he returned home. There is no evidence that Marjorie participated in the purchase. Under these circumstances, Deon was a link in the chain of distribution to

Marjorie. Therefore, a delivery occurred when Deon transferred physical possession of the methamphetamine to Marjorie by injecting her with the drug. We conclude there was sufficient evidence of delivery to support the defendant's conviction of delivery of a controlled substance.

**AFFIRMED.**