**S.S., A Minor Child, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, Defendant.**

No. 94–194.

Supreme Court of Iowa.

Feb. 22, 1995.

---

Patricia A. McGivern of Clark, Butler, Walsh & McGivern, Waterloo, and Leslie Knock of Mershon, Snow & Knock, Cedar Falls, for plaintiff.

Thomas J. Miller, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Peter B. Newell, Asst. County Atty., for defendant.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

A juvenile appeals from an order of a district associate judge affirming an order waiving the juvenile to adult criminal court. An associate juvenile judge had issued the waiver order. The juvenile challenges the district associate judge's order contending that district associate judges do not have subject matter jurisdiction to hear appeals from orders of associate juvenile judges.

We treat this challenge as an action for a writ of certiorari. Because there is no constitutional or statutory authority for district associate judges to hear appeals from orders of associate juvenile judges, we sustain the writ. We remand for a hearing by a district judge on the juvenile's appeal from the associate juvenile judges's waiver order.

S.S., a juvenile, was born November 10, 1976. On September 20, 1993, the State filed a petition in juvenile court alleging that S.S. was delinquent through commission of robbery in the first degree on September 17.

On September 21, the State filed a motion for waiver of jurisdiction, asking that the juvenile court waive jurisdiction of S.S. so that he could be tried as an adult. Associate Juvenile Judge Alan D. Allbee held a hearing on this motion. Later, Judge Allbee entered an order waiving juvenile court jurisdiction over S.S.

S.S. appealed this order to the district court and applied for a stay pending completion of the appeal. District Associate Judge James D. Coil granted a temporary stay pending a hearing on whether the stay should be made permanent.

Following a hearing, Judge Coil entered a permanent stay order until S.S.'s appeal to the district court was final. His order stated:

[t]he court further concluded inasmuch as section 602.7103(3) established appeals from orders, findings, or decisions of associate juvenile judges to the district court that district judges and district associate judges both would have jurisdiction as judges of the district court to hear appeals under that section and issue stay orders.

District Associate Judge J.G. Johnson heard S.S.'s appeal. Following the hearing, Judge Johnson entered an order affirming Associate Juvenile Judge Allbee's waiver order. He did so apparently relying on the language quoted above and the language of Iowa Code section 602.7103(3) (1993). Judge Johnson also lifted the permanent stay order.

S.S. filed an application for interlocutory appeal which we initially treated as an application for discretionary review. On the application of S.S.'s attorney, District Judge James C. Bauch ordered that any further proceedings against S.S. in district court be stayed until we decide S.S.'s appeal.

■ The decisive issue on appeal is whether District Associate Judge Johnson had subject matter jurisdiction to hear S.S.'s appeal from Associate Juvenile Judge Allbee's waiver order. Whether a court has subject matter jurisdiction is a purely legal question, so our review is at law. Iowa R.App.P. 4.

■ I. Although we initially treated S.S.'s application for interlocutory appeal as an application for discretionary review, we now decide it should have been treated as a certiorari action. This is so because S.S. challenges the subject matter jurisdiction of the district associate judge to hear the appeal of the waiver order entered by the associate juvenile judge. Iowa R.App.P. 304; *State v. Moret,* 486 N.W.2d 589, 591 (Iowa 1992). Subject matter jurisdiction is the authority to hear and determine cases of the general class to which a particular proceeding belongs. *In re Estate of Dull,* 303 N.W.2d 402, 406 (Iowa 1981).

■ Although S.S. failed to raise this issue with the district court, this normally fatal error is permitted on appeal in cases where subject matter jurisdiction is challenged. *Moret,* 486 N.W.2d at 591. This is because subject matter jurisdiction cannot be waived or vested by consent. *Dull,* 303 N.W.2d at 406. So we grant the writ and proceed.

II. Iowa Code section 602.6101 provides for a unified trial court—the district court. Iowa Code section 602.7101 establishes a juvenile court for each county. This court is also a part of Iowa's unified trial court, that is, the district court. *See* Iowa Code § 602.7101(1) ("The juvenile court is within the district court....").

The jurisdiction of the district court is exercised by district judges, district associate judges, magistrates, and—in the case of juvenile court—judges of the juvenile court and associate juvenile judges. Iowa Code §§ 602.6101, 602.6104, 602.7101, 602.7103.

Iowa Code section 602.6306 gives district associate judges (1) the same subject matter jurisdiction provided for magistrates, and (2) authority to hear classes of cases magistrates do not have authority to hear. The subject matter jurisdiction for magistrates is found in Iowa Code section 602.6405.

■ The juvenile court has the jurisdiction provided for in Iowa Code chapter 232 (Juvenile Justice). *See* Iowa Code § 602.7101(1). District judges may exercise the jurisdiction of the juvenile court. Any district associate judge designated by the chief judge of the district as a judge of the juvenile court may also exercise the jurisdiction of the juvenile court. Iowa Code §§ 602.7101(1), (2).

■ The chief judge must designate one or more of the district judges and district associate judges to act as judges of the juvenile court for a county. Iowa Code § 602.7101(3). Any district judge may act as a juvenile court judge during the absence or inability to act, or upon the request, of the designated juvenile court judge. Iowa Code § 602.7101(4).

The chief judge of a district may appoint an associate juvenile judge. Iowa Code § 602.7103(1). Associate juvenile judges have "the same jurisdiction to conduct juvenile court proceedings and to issue orders, findings, and decisions as the judge of the juvenile court." Iowa Code § 602.7103(2). However, associate juvenile judges do not have authority to issue warrants. *Id.*

The district court has appellate jurisdiction as provided in Iowa Code section 602.6102:

The district court has jurisdiction in appeals and writs of error taken in civil and criminal actions and special proceedings authorized to be taken from tribunals, boards, or officers under the laws of this state, and has general supervision thereof, in all matters, to prevent and correct abuses where no other remedy is provided.

Pursuant to this section, Iowa Code section 602.7103(3) permits a juvenile to appeal a decision of an associate juvenile judge to the district court:

The parties to a termination of parental rights proceeding heard by an associate juvenile judge are entitled to appeal the order, finding, or decision of an associate juvenile judge, in the manner of an appeal from orders, findings, or decisions of district court judges. *The parties to any other proceeding heard by an associate juvenile judge are entitled to appeal the order,* finding, or decision of an associate juvenile judge, *to the district court.* An appeal does not automatically stay the order, finding, or decision of an associate juvenile judge.

(Emphasis added.) (This section has since been amended. *See* 1994 Iowa Acts ch. 1172, § 39.)

III. District associate judges have authority to exercise only that jurisdiction provided by statute. *Moret,* 486 N.W.2d at 591. More specifically, associate judges have the following subject matter jurisdiction:

1. District associate judges have the jurisdiction provided in section 602.6405 for magistrates....

2. District associate judges also have jurisdiction in civil actions for money judgement where the amount in controversy does not exceed five thousand dollars, ... jurisdiction of indictable misdemeanors, and felony violations of section 321J.2, and the jurisdiction provided in section 602.7101 when designated as a judge of the juvenile court....

Iowa Code §§ 602.6306(1), (2).

 In this statute, the legislature has explicitly delineated the categories of cases over which district associate judges have jurisdiction. The State concedes, and we agree, that there is nothing in the plain language of this statute or in the language of the statutes cited above to suggest district associate judges have subject matter jurisdiction over appeals from juvenile court orders. Had the legislature intended to confer such jurisdiction, it would have said so.

Although the district associate judge was acting in good faith when he affirmed the waiver order, he was acting without subject matter jurisdiction to do so. His decision affirming the waiver order was therefore void.

IV. In summary, we conclude that district associate judges do not have subject matter jurisdiction to hear appeals from juvenile court orders. The appellate decision entered by the district associate judge on the issue of waiver in this case is void. We remand for a hearing by a district judge on the waiver issue. This conclusion obviates the need to address other issues raised by the juvenile in this appeal.

**WRIT SUSTAINED; CASE REMANDED.**