# IN THE COURT OF APPEALS OF IOWA

No. 15-1748
Filed July 27, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**SHANNON DEMARKUS YOUNG,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

          A defendant appeals from his convictions for possession with intent to deliver a controlled substance and forgery. **CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED.**

          Kevin E. Hobbs, West Des Moines, for appellant.

          Shannon DeMarkus Young, Clarinda, pro se.

          Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

          Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Shannon Young appeals his convictions following his guilty pleas to possession with intent to deliver a controlled substance—cocaine salt hydrochloride—in violation of Iowa Code section 124.401(1)(c)(2)(b) (2015), and forgery, in violation of Iowa Code sections 715A.2(2)(a)(3). He claims his attorney improperly pressured him to plead guilty in order to avoid drug charges being brought against his wife and his attorney had a conflict of interest due to his wife being represented by the same public defender's office. In a pro se brief, Young asserts the district court lost subject matter jurisdiction when it proceeded to take his guilty plea after the court became aware he was under the care of a psychiatrist, establishing doubt as to his competency to enter a plea. He also claims his attorney was ineffective in permitting him to plead guilty when the record lacked a factual basis for the finding he had the intent to deliver the controlled substance. Finally, he asserts the court erred in assessing court costs against him for the dismissed counts.

**I. Background Facts and Proceedings.**

In May 2015, Young pled guilty to possession of a controlled substance with intent to deliver. In a separate matter, Young pled guilty of one count of forgery.[1] The court conducted a joint sentencing hearing for both guilty pleas and sentenced Young to ten years in prison with a mandatory one-third minimum for the possession charge and five years for the forgery charge. The sentences were ordered to run concurrently. He filed a notice of appeal as to both matters.

---

[1] Both Young and his wife were charged with counts of forgery and second-degree theft.

**II. Conflict of Interest.**

On behalf of Young, appellate counsel asserts trial counsel improperly pressured Young to plead guilty to avoid charges being filed against Young's wife in the drug case and also asserts trial counsel had a conflict of interest as Young's wife was being represented by the same public defender's office. He presents both claims within the ineffective-assistance framework as neither claim was made before the district court. Counsel asserts the record on direct appeal is not adequately developed, and as such, the claims should be preserved for postconviction-relief proceedings. The State agrees. We therefore preserve these claims for possible postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (noting ineffective-assistance claims can be raised on direct appeal, but it is up to the court to determine if the record is adequate to resolve the claim and if not, the claim must be preserved for postconviction relief).

**III. Pro Se Claims.**

In his pro se brief, Young raises three additional claims. He asserts the court lost subject matter jurisdiction when it became aware during the guilty plea that he was under the care of a psychiatrist. He further claims there is not a sufficient factual basis to support his guilty plea to the drug offense because he only agreed he planned to "share" the drugs found in his possession with a few friends, rather than sell the drugs. Finally, he claims the court imposed an illegal sentence when it assessed against him the court costs for the dismissed counts.

**A. Subject Matter Jurisdiction.** The subject matter jurisdiction of the district court "refers to the courts power 'to hear cases and determine cases of

the general class to which a particular proceeding belongs.'" *State v. Bartley*, 797 N.W.2d 608, 610 (Iowa Ct. App. 2011) (citation omitted). Jurisdiction is granted by the state constitution and the state's laws, and the district court "has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile." Iowa Code § 602.6101. Young's case was a criminal proceeding, and as such, the district court had exclusive, general, and original jurisdiction over the matter. A defendant's mental health status has no effect on the court's subject matter jurisdiction.

To the extent Young's claim asserts his guilty plea is invalid as a result of the court's failure to order a sua sponte mental exam pursuant to Iowa Code section 812.3,[2] such claim must be raised in a motion in arrest of judgment, and ruled upon, in order to be asserted on appeal. *See State v. Lucas*, 323 N.W.2d 228, 231 (Iowa 1982) (concluding a claim that the court should have sua sponte held a competency hearing under section 812.3 went to the "very heart of the court's determination of that the plea was entered voluntarily, intelligently, and understandably" and as such, the challenge must be raised in a motion in arrest

---

[2] Iowa Code section 812.3(1) provides, in part:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause. The court may on its own motion schedule a hearing to determine probable cause if the defendant or defendant's attorney has failed or refused to make an application under this section and the court finds that there are specific facts showing that a hearing should be held on that question.

of judgment). We thus reject Young's claim impugning the court's subject matter jurisdiction when the court did not hold a sua sponte competency hearing.

**B. Factual Basis.** Next, Young claims he was denied the effective assistance of counsel when counsel permitted him to plead guilty to the possession charge on a record that lacked a factual basis. *See State v. Ortiz,* 789 N.W.2d 761, 764–65 (Iowa 2010) ("Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances."). During the guilty plea, Young stated,

> I just bought somewhere around five or six grams of cocaine. And I bought that much because I had at least two friends that I was knowingly going to share some with. And as I was driving down the street, I got pulled over by a cop, and he found it in my pocket.
> . . . .
> THE COURT: And it was your intent at that time to share this cocaine with individuals other than yourself?
> DEFENDANT YOUNG: Yes, Your Honor.

On appeal, Young asserts that admitting he was going to "share" the drugs with friends is not enough to satisfy "possession with intent to deliver" the cocaine under the statute. Specifically, he claims there was no evidence he intended to "sell" the drugs or had made prearrangements with others to "purchase" the cocaine. Iowa Code section 124.401 does not require a "sale" or a "purchase" for someone to be guilty of "delivery." Delivery is defined in Iowa Code section 124.101(7) as "the actual, constructive, or attempted *transfer* from one person to another of a controlled substance, whether or not there is an agency relationship." (Emphasis added.) It is the intent to transfer possession, not the

intent to sell, that determines whether there a person has the intent to deliver drugs. *State v. Moore*, 529 N.W.2d 264, 266 (Iowa 1995) ("[A] person who purchases drugs and later *shares* them with others has delivered a controlled substance . . . ." (emphasis added)).

We find sufficient factual basis to support Young's guilty plea, and thus, counsel was not ineffective in permitting Young to plead guilty. His conviction on this count is affirmed.

**C. Costs.** Finally, Young claims the court entered an illegal sentence when it imposed on him the costs for the dismissed counts. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) ("[T]he provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan."). The State concedes error on this point, agreeing that the record does not indicate the plea agreement contained a provision whereby Young agreed to pay the costs associated with the dismissed counts. We therefore vacate that portion of the sentencing orders requiring Young to pay costs associated with the dismissed counts. We remand this case for further proceedings to determine the appropriate amount of court costs for which Young is responsible.

**VI. Conclusion.**

Because the record is inadequate to address Young's claims that his attorney improperly pressured him to plead guilty in order to avoid charges being filed against his wife and his attorney had a conflict of interest due to his wife

being represented by the same public defender's office, we preserve those claims for possible postconviction-relief proceedings. We deny Young's claim that asserts the district court lost subject matter jurisdiction when it took his guilty plea after becoming aware he was under the care of a psychiatrist. A defendant's mental health has no impact on a court's subject matter jurisdiction. A factual basis is established in the record to support the conclusion Young had the intent to deliver the controlled substance when he admitted he intended to share the cocaine with friends. Finally, we vacate that portion of the sentencing orders requiring Young pay the court costs for the dismissed counts, and we remand this matter to the district court to enter a sentencing order requiring Young to pay for only the court costs associated with the counts to which he pled guilty.

**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART, AND REMANDED.**