# IN THE COURT OF APPEALS OF IOWA

No. 23-0810
Filed April 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JON MICHAEL MARTINAC JR.,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen, Judge.

    A defendant challenges his conviction for delivery of methamphetamine. **AFFIRMED.**

    Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

    Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

    Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**TABOR, Presiding Judge.**

After a two-day trial, a jury convicted Jon Martinac of possessing and delivering methamphetamine. On appeal, Martinac claims the State presented insufficient evidence for his delivery conviction. Viewing the record in the light most favorable to the verdict, we find substantial evidence that Martinac delivered methamphetamine. Thus, we affirm the judgment and conviction.

## I.      Facts and Prior Proceedings

LeMars police officer Sam Magana conducted a traffic stop and found methamphetamine in the vehicle. Officer Magana recruited the driver to serve as a confidential informant. The informant offered to set up a drug buy from his friend, Martinac. The informant messaged Martinac asking, "Can I do $40?" He later sent another message: "I'm gonna come over, Cool?" Martinac responded with a blue-thumbs-up emoji.

The informant went to Martinac's home later that same day, under police supervision, with the intent to buy $40 worth of methamphetamine. Officers gave the informant two $20 bills and equipped him with a recording device. Upon arriving at Martinac's home, the informant learned that Martinac only had $20 worth of methamphetamine and exchanged a $20 bill for those drugs. Martinac said he would reach out once he had more methamphetamine, either later that evening or in the next couple of days. The informant turned over the drugs and remaining cash to law enforcement after leaving Martinac's residence.

Based on those events, the State charged Martinac with delivery of methamphetamine in violation of Iowa Code section 124.401(1)(c) (2022) and possession of methamphetamine in violation of section 124.401(5). A jury found

him guilty of both counts. The district court found that he was a habitual offender under Iowa Code section 902.8. The court sentenced him to concurrent indeterminate prison terms totaling fifteen years, with a mandatory minimum of three years. The court suspended the term of incarceration and placed Martinac on probation for three years. In this appeal, Martinac challenges only his conviction for delivery of methamphetamine.

## II.     Scope and Standard of Review

We review Martinac's sufficiency-of-the-evidence claim for correction of legal error. *See State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). We consider the evidence "in the light most favorable to the State," allowing for all reasonable inferences it will support. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). If a rational jury could find guilt beyond a reasonable doubt, we affirm. *Id.* While we consider all the evidence—exculpatory and inculpatory alike—we are mindful that the jury is "free to reject certain evidence, and credit other evidence." *Id.* (citation omitted).

## III.     Analysis

Martinac claims the State did not offer adequate proof for his conviction of delivery of methamphetamine. He contends the evidence showed "two addicts pooling their money" to buy and share drugs rather than a drug-buy transaction.

To convict Martinac of delivery, the State had to prove that he: 1) delivered methamphetamine and 2) knew that the substance he delivered was methamphetamine. Martinac does not dispute the second element. So we consider only whether the State offered sufficient evidence for a rational jury to find guilt of delivery beyond a reasonable doubt.

Delivery is "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Iowa Code § 124.101(7). In discussing delivery, our supreme court has recognized that "a person who purchases drugs and later shares them with others has delivered a controlled substance even if joint funds have been used to finance the purchase." *State v. Moore*, 529 N.W.2d 264, 266 (Iowa 1995).

Martinac argues the evidence here shows joint possession of drugs, rather than a drug-buy transaction, because he and the informant had pooled their money for drugs on previous occasions. But even if they pooled their funds, the evidence shows that Martinac shared the methamphetamine with the informant. Contrary to Martinac's argument, a delivery need not take the form of a buy. When the informant entered Martinac's residence without drugs, and left soon after with drugs in his possession, an actual transfer occurred. *See id.*

On top of that evidence, the jury could consider the text messages and the recorded conversation inside Martinac's residence as proof of delivery. But Martinac disparages that evidence, noting that neither the text asking if he could "do $40?" nor the recording of their conversation included drug terminology. He contends the jury was left to speculate about what they were discussing. We disagree. When deciding a sufficiency question, we consider the entirety of the evidence, allowing for all reasonable inferences it will support. *Sanford*, 814 N.W.2d at 615. Here, the jury heard testimony from the informant regarding his history of buying drugs from Martinac. The informant was confident that Martinac would understand that his text was asking for $40 worth of methamphetamine. The jury also heard an audio recording of the interaction in which the parties

discussed that Martinac would reach out once he had the rest of what the informant was seeking—methamphetamine. Lastly, the jury heard a police officer testify that he searched the informant and found no methamphetamine in his possession before he entered Martinac's residence, but he had a baggie containing .22 grams[1] of a white crystalline substance when he left. Lab tests later confirmed the substance was methamphetamine. On this record, the jury had substantial evidence to find beyond a reasonable doubt that Martinac delivered methamphetamine to the informant.

Viewing all evidence in the light most favorable to the State, we find sufficient proof of Martinac's delivery of methamphetamine. On this record, we decline to disturb the jury's verdict.

**AFFIRMED.**

---

[1] An officer testified that $20 worth of methamphetamine is about a fifth of a gram.